If I mispronounced that, you can please correct me. It's Risley. Risley, okay. Risley without the G. All right. May it please the Court. When I started preparing for these arguments, I thought I'd be talking a lot about Hall Street and Stolt-Nelson and the standard of manifest disregard, and whether this would be the case that answers the question left open in McCool-Smith. I was even preparing a survey of all the post-Hall Street cases on manifest disregard, but we don't need to go that far today. We don't need to go any farther than what this Court has said on several occasions, that an arbitration award is required to be set aside when the arbitration panel exceeds its authority. And your view seems to be, in this case, that the arbitration panel would have exceeded its authority by deciding any issue contrary to your client's position. I don't believe we've gone that far. There were a lot of things we disagreed with. That's what it sure sounds like, because you're just retrying the case after the arbitration panel made its ruling. Well, in our brief, we raised four grounds. I'd like to focus on two of those today. You requested arbitration, right? I'm not sure we requested, but we certainly agreed to it. It was no dispute that it was an arbitral. The record reflects that you requested it. Yes, sir. So you got exactly what you asked for, which was arbitrators instead of a court to decide the issues. No, we didn't get exactly what we asked for. We asked them to arbitrate a dispute arising under the Asset Purchase Agreement, and that document had two express limitations in there that the arbitrators violated. One was the time in which a suit could be brought, which at this time was 18 months after the date of the closing of the sale, and the claims which were finally awarded in the arbitration were not made until approximately four years after the closing. And number two, there was a specific and detailed provision on fraud damages. It's called the indemnification provision. But, I'm sorry, I'm interested a little bit in the threshold question that I think Judge Smith was asking. You did make a bargain, and it seems that the law under Section 10 is extraordinarily stiff. Would you agree that you can't raise now a mistake of law or fact, just a merits disagreement? If you disagree, what's your best case for that? The fact that we disagree is not enough to set us out on arbitration. Do you know of any Section 10 set-aside from a circuit court that has set aside an arbitral ruling where findings of fact and law were actually extensively written out? I didn't hear the last couple words yet. Can you tell us any circuit decision that has set aside an arbitral reward where the arbitrator has issued findings of fact and law? No. No? No. Okay, doesn't that end the whole inquiry? Not at all. So this is going to be the first, because the findings of fact and law are so wrong, we should use Section 10 to do that. That's your position? No. Okay. You certainly use Section 10 because of the exceeding of their authority. For example, the damage provision that limits it. No, I know you're trying to get to the merits again. I'm just trying to ask you, can you point to any circuit decision that has accepted the invitation that you're urging us to do? Where the arbitral panel, rightly or wrongly interpreting the APA, issues facts, issues findings of fact and law. If you can't find one, what's the authority that we should step into this? Well, we're not asking the court to set aside the award because we disagree with the findings of fact and conclusion of law. On the damage cap, Section 9.2, even though it was briefed extensively, it's not mentioned at all in the findings of fact or conclusion of law. The panel may know reference to it. I thought the panel said that as to the cap, it doesn't apply to parties. It doesn't apply to parties themselves. It applies to third parties. Well, they said that it – I may be wrong. I don't – I'll check that before we don't get back in rebuttal. I don't recall that. If they do talk about it, then we can't reach that, right? No. I disagree with that. What's your case? What's the best case? The best case is that if the – When I ask you for a best case, I want a case citation. I don't want the argument on the merits. What's your best case that a circuit court accepts an invitation to vacate a panel award where there are extensive findings of fact and law? I don't have one. Okay. I do have, among other cases, this Court's decision in Cooper v. Weston Capital, which we cited in the brief, 832 F. 3rd, 534, page 545, that says to set aside an arbitration award, the arbitrator's award must be so unfound in a reason and fact, so unconnected with the wording and purpose of the contract as to manifest an infidelity to the obligation of the arbitrator. And that's what we're saying that they did here in these two instances. Go ahead. All right. The $250,000 cap on damages is interesting because it's a very lengthy provision. It goes into great detail and distinguishes between different kinds of misrepresentations. Now, certainly the trustee's position, prim cogent's position is, but that's an indemnification provision. It only applies to third-party claims. That's not what it says. It says that the seller, which is Santa Barbara, agrees to defend or hold the buyer from any and all losses, liabilities, and damages, not just third-party liability and damages, any liability and damages that arise out of, in Section 1, any breach of any representation or authority of seller, my client, contained in this agreement. So you disagree with the arbitrator's reading of those provisions, but what is it about the reading of those provisions that tells us that they had no authority to do that? Even if there's some sort of clear error, which I'm not sure there is, why is that in excess of the authority of the arbitration panel to which you confer jurisdiction by requesting arbitration? Because under Section 9.2b of the Asset Purchase Agreement, it says the buyer and indemnified parties, that is prim cogent, should not be indemnified under Section 9 until the losses have exceeded $100,000, and they won't be indemnified above $250,000. That sets, it's like a jurisdictional cap of a court. There's no liability to be imposed until damages get to $100,000 and no damages above $250,000 ever. So it's just like a justice of the Peace Court in Texas. If it returned a $5 million reward, that award is void because the court doesn't have the authority to award more than $5,000. But you get an appeal from the justice of the peace so that you may be better off than the justice of the Peace Court in an arbitration. Agreed. That's why as broad as the deference to an arbitrator is, there is a limit, and the limit is the document before them said for the fraud you have found, and they found specific provisions in Section 9 where fraud occurred, this agreement says under no condition can the plaintiff recover more than $250,000. The court is our chance to have that jurisdictional limit enforced, and that's why we're here on that today. So the other three, the Hakala sort of damages they delved into, you've pointed to portions, or the actual contributory negligence that divided the two panel members, those were all explored extensively. You disagree with their outcome, but they were explored. Fair? I cannot say the arbitrator is ignoring those. They discussed them. And on the 9.1 Relation Back Doctrine, they discussed that, too. Again, they may have gotten it wrong, but they did dive in. They did discuss it, but the reason I want to distinguish between the damage cap and the time limit and the other two. Yeah. The other two you do have to go into. What's Texas law on that, and how do you? Fact versus law. Put the fact ones aside. You've got two that are legal, and you're the reason you started with the cap is as to that legal argument, you're saying the arbitrators didn't even discuss the law. Yes. My – and therefore I do understand that framework and I appreciate it. I'm not sure we could even use Section 10 to vacate where they overlook law. I thought it would have to be law that they acknowledge but then choose to disregard. Well, but the language in Section 10 is not ignore law. It is exceed their authority. And this particular – this isn't a usual provision in Section 9. It's very complicated. You had two very sophisticated parties. David Boris, who was representing the buyer, had the Zorona rights in Europe. He knew a lot about this. This was not strangers. These were very knowledgeable people, and they set up a very carefully structured agreement. And what they agreed is more than what the arbitrator – or it limits what the arbitrators can do. I'd like to mention a recent Texas Supreme Court case that came out February 1st called Bombardier v. SPEP Aircraft Holdings. I'm not going to be obnoxious, but is this one you cited? And if you didn't cite it, have you given it to anybody yet? It was just decided February 1st of this year. Well, what's our date now? It's March, yes. So why not file a 28-J so your opposing counsel can have that? Or we can even read it. I certainly haven't provided it to the court. It doesn't do anything new. It just reinforces Texas law on how important it is to enforce the contract the parties agreed to. So it's not a new point of the law. It's just the most recent. But it talks about, you know, the courts have a duty to respect the agreement knowing parties have made and enforce that agreement. And I think the same rule applies in arbitration. When there is a contractual provision in the document that controls the arbitration that sets a damage cap, whether the arbitrators ignore it or misunderstand it or misapply it doesn't matter. It's not a question that they got it wrong. It's a question they had no authority to do it in the first place. They had authority to construe whatever agreement or agreements there were and to hear facts and apply the law to that. They had that authority because you handed it to them and you got exactly what you asked for. And you got popped for $16 million in damages and you're doing everything you can to pull your client out of a ditch. But it isn't going to work because you have completely undermined the whole concept of arbitration. Whether arbitration is a good idea or not, we have the Federal Arbitration Act. This case was completely tried before the arbitrators. It went through the federal district court who did a good job. And now you're drawing it out further by causing the other side a lot of expenses as well as your client to redo a decision that you agreed these arbitrators had a right to make. No, we don't agree they had a right to make this decision. I'd be embarrassed to take the position you're taking in this case. I would be absolutely embarrassed for you and your law firm that you think it's appropriate to retry this case after you agreed to arbitration. I'm sorry the court feels that way, but there is certainly a right to appeal an arbitration award in some circumstances. We believe when the document before the arbitration panel says if you find fraud, the most you can award is X, and they award 70 times that, that's exceeding their authority. Well, that involves an interpretation of the agreement, though, doesn't it? I'm not sure what interpretation there is. The caps is $250,000 for specific – well, it has other caps for other types of fraud. The residual provision is $250,000. So they could have awarded $8 billion then, and we'd be without judicial remedy is what the court seems to be saying. They could have ordered our CEO to go to jail, and we could do nothing about it. When you put those arbitration clauses in the agreement, they ought to think twice about it. If you're not happy with it, it is sometimes faster and expedient and so forth, and a lot of people enjoy the arbitration provision. One thing is quite clear. The United States Supreme Court has said that arbitration is enforced at every turn. However one may – as my colleague said, however one may view the route of arbitration, that is the law, and not only that, you utilize it here. So it's a tough road to hoe. But I think – But you have to locate something where they went beyond that. You had three jams arbitrators. I assume that you went under the American arbitration rules and that you picked one of those, those two, and the two picked the other. Is that the way it went? Yes. Okay. That's called – the whole process of arbitration rests upon the notion of consent and a premise or notion that you can agree to try your case to a stump if you choose to do so. Because consent is the basis of all of that, and there's a good side of that and a bad side. But you didn't erect, as you could have done by agreement, an appellate process from that as part of your arbitral process. With transnational arbitration, frequently that happens, which is where much of our arbitration comes from. That is you erect a whole system. You didn't do that. You instead left it to be decided there against the reality that the review of that by our courts is extraordinarily narrow. And so I'm not here to fuss at you. If you have a tough job ahead of you, your client's dropped – had a big loss in arbitration, and you try to understand it. But that's the reality of it, and I think that's what the court's trying to communicate to you. With all respect, I think that's what they're trying to say. I understand, but I didn't – just because we didn't have an appellate arbitration proceeding agreement doesn't deny us the right to seek review under Section 10 when we believe the arbitrators have exceeded their authority. No, it doesn't. But Section 10 is all you have, is my point, and unfortunately that doesn't help you very much. Understood, Your Honor. Yes. Thank you. All right. You say time for rebuttal. Mr. Hamilton? You know, Counsel, one thing that one of my heroes, Coach Bryant, always says, you don't put the ball in the air when you're winning the game. So go ahead, and you're going to fade in the past. Go ahead. Yes, Your Honor. I'll be brief. I just want to address the singular issue that Counsel raised, that the arbitrators in their extensive and reasoned finding of facts and conclusions of law did not address the limitation of damages argument. The argument was made by the appellant as a throwaway, a few sentences under the economic loss rule and conditioned upon the economic loss rule in their briefing. That is at the appellate records 6-1-5-8 and 5-9. The arbitrators specifically found, quote, SBMI has failed to establish its economic loss rule limitation of damages defense. So the arbitrators dealt with this directly, and I believe this issue was fully addressed and resolved by the arbitrators. The only other point I would raise on 9.2 is that the appellant does not cite, refer to, or explain 9.2C, which is the notice process under the third-party indemnification provision, which lays out how you notify for a defense of the claim, for indemnification of a third-party claim. And so the arbitrator certainly did not exceed their authority in interpreting that plain language of the agreement. And so recognizing that Your Honors are well familiar with the standards, we request that the appeal be denied. Thank you. So I assume that going through the district court proceedings and briefing and argument in this case has cost your client a good bit of money? Yes, in time, Your Honor. Is this a frivolous appeal? If you don't think so, just say so. Well, I'm hesitant to take that step. Well, of course you are, and that's fine. If you don't feel that it's frivolous, then you shouldn't take that step. But it seems to me that there would be some justice in requiring the other side to reimburse for district court and appellate proceedings that may turn out to be completely wasteful if we decide that way. Well, I do think that would be reasonable, Your Honor. I don't mean to say that their arguments are brought in bad faith, but I don't think that there's any basis for those arguments under Fifth Circuit law or Supreme Court precedent. And the party certainly did not, as Your Honors noted, agree to an appeal of the arbitration award. And I think all of the findings – it was pointed out that the findings of fact and conclusions of law were extensive. I also can't find any cases in recent history in this circuit where a panel of arbitrators were found to exceed their authority. So I think that combination of circumstances makes the appeal extraordinarily weak in this circumstance. All right. Thank you, Mr. Hamilton. Thank you. Mr. Risley, you've saved time for rebuttal. I just need two very quick points, Your Honor. I did look through the 15 pages of findings of fact and conclusions of law. There was no reference to Section 9.2. There is a reference to economic loss doctrine. That's a common loss doctrine. We're arguing the contractual provision, not the economic loss. We also argue that. On this appeal, we're not arguing economic loss. We're arguing exceeding the amount allowed by the contract. Number two, in light of this Court's cases since Hall Street, including McCool-Smith, which says we don't have to define exactly what manifest disregard means, we haven't seen it yet, that under question makes the appeal not frivolous. The contours of that doctrine have not been established yet. So we believe we have a good faith basis for alleging that this comes within the post-Hall Street concept of exceeding the authority. If there are no questions, I'll pass the time. All right. Thank you, Mr. Risley. Your case is under submission. Last case for today, Alliance for Good Government v. Law.